IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RENEE MCKNIGHT | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. |
| vs. | ) |
| | ) |
| PHILLIPS & COHEN ASSOCIATES, LTD., | ) |
| | )   **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, RENEE MCKNIGHT, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, PHILLIPS & COHEN ASSOCIATES, LTD., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Johnsonville, South Carolina.

4.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.  At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.  The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.  On information and belief, Defendant is a limited company of the State of New Jersey, which is not licensed to do business in South Carolina and which has its principal place of business in Wilmington, Delaware.

## ALLEGATIONS

8.  Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about the calendar month of November 2012 in attempts to collect the aforementioned alleged debt based on credit card debt solely owned by Plaintiff's deceased husband.

9.  Defendant continued to contact Plaintiff in further attempts to collect the alleged debt even after the Florence County Probate Court had disallowed the collection of said alleged debt on or about December 19, 2012. A copy of the debt disallowance is attached hereto as Plaintiff's Exhibit 1.

10. During or about the calendar month of June 2013, Plaintiff's agents, representatives and/or employees, including but not limited to an individual representing himself

as John Cook, contacted Plaintiff by telephone and told Plaintiff that she needed to retain her own attorney.

11.   In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a.   Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

   b.   Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   c.   Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

   d.   Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

   e.   Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

   f.   Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

   g.   Collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or was not permitted by law, in violation of 15 U.S.C. § 1692f(1); and

   h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RENEE MCKNIGHT, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

         Respectfully Submitted,

         /s/ James M. Ervin
         James M. Ervin
         Federal Bar ID No. 9537
         Attorney for Plaintiffs
         Luxenburg & Levin, LLC
         1824 Bull Street
         Columbia SC 29201
         (888) 493-0770, ext. 308 (phone)
         (866) 551-7791 (facsimile)
         James@LuxenburgLevin.com